**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br>　　　　　　Plaintiff,<br><br>　　　　　　　　v.<br><br>CITY OF PHILADELPHIA;<br>INDEPENDENCE BLUE CROSS;<br>FIREFIGHTERS & PARAMEDICS LOCAL<br>22, FIREFIGHTERS & PARAMEDICS<br>LOCAL 22 FUND, FIREFIGHTERS &<br>PARAMEDICS LOCAL 22 HEALTH<br>PLAN; FIREFIGHTERS & PARAMEDICS<br>LOCAL 22 TRUST,<br><br>　　　　　Defendants | Case No. _____ |

## O R D E R

AND NOW, this _____ day of _____, 20___, upon

consideration of the Motion of Plaintiff to Proceed Anonymously, and any Response thereto, it is

hereby **ORDERED** and **DECREED** that the Plaintiff's Motion is **GRANTED.**

It is **FURTHER ORDERED** and **DECREED** as follows:

1.　　Plaintiff is permitted to file the Complaint so that the caption reflects the name of

the Plaintiff as, "Jane Doe";

2.　　The parties shall file any and all pleadings and other documents with the Court

using, "Jane Doe," for Plaintiff's name, and/or shall redact any pleadings and

other documents filed of Plaintiff's name;

3.　　Plaintiff is permitted to redact Plaintiff's address from the Complaint, and any

amendment thereto.

BY THE COURT:

_____

, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JANE DOE,<br>                    Plaintiff,<br><br>                    v.<br><br>CITY OF PHILADELPHIA;<br>INDEPENDENCE BLUE CROSS;<br>FIREFIGHTERS & PARAMEDICS LOCAL<br>22, FIREFIGHTERS & PARAMEDICS<br>LOCAL 22 FUND, FIREFIGHTERS &<br>PARAMEDICS LOCAL 22 HEALTH<br>PLAN; FIREFIGHTERS & PARAMEDICS<br>LOCAL 22 TRUST,<br><br>                    Defendants | Case No. _____ |

## **MOTION OF PLAINTIFF TO PROCEED ANONYMOUSLY**

Plaintiff, Jane Doe, hereby files the instant Motion to Proceed Anonymously and incorporates by reference all of the arguments contained in the accompanying Brief, as if the same were more fully set forth herein at length.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use "Jane Doe" for Plaintiff's name; and permit Plaintiff to redact her home address from the Complaint and any amendment thereto.

Respectfully submitted,

DATED: 01/31/2024          BY: _Justin F. Robinette_____
                                Justin Robinette, Esquire
                                PA Supreme Court I.D. No. 319829
                                P.O. Box 15190
                                Philadelphia, PA 19130-9998
                                Tel: (267) 595-6254
                                Fax: (267) 592-3067

Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br>        Plaintiff,<br><br>        v.<br><br>CITY OF PHILADELPHIA;<br>INDEPENDENCE BLUE CROSS;<br>FIREFIGHTERS & PARAMEDICS LOCAL<br>22, FIREFIGHTERS & PARAMEDICS<br>LOCAL 22 FUND, FIREFIGHTERS &<br>PARAMEDICS LOCAL 22 HEALTH<br>PLAN; FIREFIGHTERS & PARAMEDICS<br>LOCAL 22 TRUST,<br><br>        Defendants | Case No. _____ |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

Plaintiff, Jane Doe, hereby files the instant Brief in Support of the Plaintiff's Motion to Proceed Anonymously, and states as follows:

### I.    MATTER BEFORE THE COURT:

Plaintiff's Motion to Proceed Anonymously, and Brief in Support Thereof.

### II.    QUESTION PRESENTED:

1.    Whether Plaintiff should be permitted to proceed with a pseudonym and redact her home address from the Complaint because she has articulated a legitimate fear of severe harm that is reasonable under existing Third Circuit precedent?

Suggested Answer:  **YES.**

### III.    STATEMENT OF FACTS:

Plaintiff files the instant request for anonymity in order to proceed anonymously, as "Jane Doe," in Plaintiff's Complaint.  Plaintiff is an employee of Defendant, City of Philadelphia, as a

firefighter.  See Plaintiff's Compl., at Dkt. No. 1, para. 1, 16.  Plaintiff is a Battalion Chief.  See id. at para. 17.  Plaintiff alleges that the Defendant-employer, City of Philadelphia; the Defendant-labor organization, Firefighters & Paramedics Local 22; and Defendant, Independence Blue Cross, which administers and underwrites the subject plan; blatantly discriminated against Plaintiff by refusing to extend insurance coverage to Plaintiff for facial feminization surgeries ("FFS") and related procedures as part of the Defendants' self-funded employer-sponsored health insurance plan.  See id. at para. 1, 30, 70.

Plaintiff identifies in the Complaint as a "transgender woman."  See id. at paragraph 20.  Plaintiff also suffers from gender dysphoria ("GD") and alleges Defendant discriminated against her based on her gender identity and based on her gender dysphoria disability by refusing to extend coverage for FFS and related procedures.  See id. at para. 1, 38.  Plaintiff contends that FFS and related procedures are medically necessary, and not cosmetic, on account of Plaintiff's gender dysphoria disability.  See id. at para. 76.  Plaintiff contends that a health benefit plan design which contains a categorical exclusion of medically necessary procedures that would alleviate Plaintiff's gender dysphoria constitutes benefits discrimination based on Plaintiff's gender identity, based on gender stereotyping, and based on her gender dysphoria disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Philadelphia Fair Practices Ordinance ("PFPO"), and Section 1557 of the Patient Protection and Affordable Care Act ("ACA"), also known as the ACA non-discrimination rule.  Plaintiff has also brought a cause of action for wrongful denial of benefits under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA").  Plaintiff also alleges she was deadnamed throughout the claims process despite Defendants' knowledge of Plaintiff's gender identity.  See id. at para. 78.

With this Motion, Plaintiff seeks to proceed anonymously in the instant

litigation.  Plaintiff has previously suffered isolation and harassment on account of her gender

identity and legitimately fears continued future harm against her on account of her gender

identity if her name and address are revealed in this lawsuit.  For all of the reasons set forth more

fully below, Plaintiff respectfully requests that this Court permit Plaintiff to adopt the

pseudonym, "Jane Doe," in this litigation, and to redact her address from the Complaint and any

amendment thereto.

## IV.   <u>LEGAL ARGUMENT:</u>

It is well-recognized that a party may proceed under a pseudonym in a lawsuit when there

is a legitimate fear of social stigma resulting from disclosure of the party's sexual orientation or

gender identity.  <u>See</u> <u>Doe v. Megless</u>, 654 F.3d 404, 408-09 (3d Cir. 2011); <u>see also</u> <u>Doe v.</u>

<u>Borough of Morrisville</u>, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

In <u>Doe v. Megless</u>, the Third Circuit Court of Appeals specifically relied on the Eastern

District of Pennsylvania's decision in <u>Doe v. Borough of Morrisville</u>, <u>supra.</u>, for its holding that

cases involving a litigant's transgender status were generally appropriate for pseudonyms.

<u>Megless</u>, 654 F.3d at 408-09 (citing <u>Doe v. Borough of Morrisville</u>, 130 F.R.D. at 614)).

The Third Circuit in <u>Doe v. Megless</u> explained that a balancing test should be used when

deciding whether "a litigant has a reasonable fear of severe harm that outweighs the public's

interest in open litigation."  <u>Megless</u>, 654 F.3d at 408-09.  Generally speaking, to proceed under

a pseudonym, the "plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of

severe harm is reasonable.'"  <u>Megless</u>, 654 F.3d 404, 408 (citing <u>Doe v. Kamehameha</u>

<u>Sch./Bernice Pauahi Bishop Est.</u>, 596 F.3d 1036, 1043 (9th Cir. 2010)); <u>see also</u> <u>Doe v. United</u>

<u>Servs. Life Ins. Co.</u>, 123 F.R.D. 437, 438 (S.D.N.Y. 1988).

The Third Circuit in <u>Megless</u> adopted a "non-exhaustive" list of factors from <u>Doe v. Provident Life and Accident Insurance Company</u>, 176 F.R.D. 464 (E.D. Pa. 1997), with respect to evaluating whether anonymity is warranted, including as follows, with respect to factors that favor anonymity:

    (1)    The extent the litigant's identity has been kept confidential;

    (2)    The basis on which disclosure is feared or avoided, and its substantiality;

    (3)    The magnitude of the public interest in maintaining the litigant's confidentiality;

    (4)    Whether, due to the purely legal issues, there is an atypically weak public interest in knowing the litigant's identity; and

    (5)    Whether the litigant has illegitimate ulterior motives.

<u>Megless</u>, 654 F.3d at 409 (citing <u>Doe v. Provident Life and Acc. Ins. Co.</u>, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Furthermore, the following are factors which tend to disfavor anonymity:

    (1)    Whether there is universal public interest in accessing the litigant's identity;

    (2)    Whether, due to the subject matter, the litigant's status as a public figure, or otherwise, weighs strongly toward knowing [the litigant's] identity, beyond the [general] public interest; and

    (3)    Whether opposing counsel, the public, or the press is illegitimately motivated.

<u>Megless</u>, 654 F.3d at 409 (citing <u>Doe v. Provident Life and Acc. Ins. Co.</u>, 176 F.R.D. at 467).

    **A.**    **Plaintiff Has Articulated a Legitimate Fear of Severe Harm That Is Reasonable As Plaintiff Faces a Risk of Stigma, Violence, or Retribution Based on Her Gender Identity If Plaintiff's Name And Address Are Disclosed In This Lawsuit Beyond An <u>Extent To Which She Is Comfortable.</u>**

The Third Circuit explained in <u>Doe v. Megless</u> that the "bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases," weigh in favor of granting anonymity. <u>Doe v. Megless</u>, 654 F.3d 404, 409 (3d Cir. 2011).

Plaintiff notes that conditional grants of anonymity under analogous circumstances have been ordered in several transgender employment discrimination cases recently in this jurisdiction, including in Doe v. The Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3-4 (E.D. Pa. 2018); Doe v. Triangle Doughnuts, LLC, No. 19-5275, ECF No. 23 (E.D. Pa. June 23, 2020); and Doe v. Genesis Healthcare, No. 21-551 (E.D. Pa. Apr. 23, 2021).

Plaintiff in the instant matter identifies as androgynous.  Courts in the Eastern District of Pennsylvania have also recently permitted anonymity in transgender discrimination litigation involving people who are non-binary, including in Roe v. Tabu Lounge & Sports Bar, No. 20-3688, Dkt. No. 4 (E.D. Pa. Sept. 10, 2020), an employment discrimination case, where the court permitted anonymity for a non-binary transgender litigant, as well as in Doe v. Colonial Intermediate Unit 20, et al., No. 20-1215, Dkt. No. 21 (E.D. Pa. August 25, 2020), where the court permitted "Roe" to be used for the minor-plaintiff, who identified as non-binary, with the adult guardian of the transgender minor-plaintiff identified as "Jane Doe."  In the Doe v. Colonial Intermediate Unit 20, et al. case, the defendants did oppose the plaintiffs' requests for anonymity in that case but the court permitted anonymity over the defendants' opposition.

Furthermore, in Doe v. Pennsylvania Department of Corrections, the Hon. Matthew W. Brann found for the transgender employee that they could pursue their employment discrimination case anonymously as, "John Doe."  See Doe v. Pa. Dep't of Corrections, No. 19-1584, 2019 WL 5683437 *1, *2 (M.D. Pa. Nov. 1, 2019) (Brann, J.).  The court held that pseudonyms were generally appropriate in litigation surrounding "transgender issues," in particular noting that "as litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously."  Id.  See also Doe v. Univ. of Scranton, Case No. 3:19-cv-01486, ECF No. 24 (M.D. Pa. Mar. 16, 2020) (where the court

permitted anonymity for an adult student alleging sexual-orientation discrimination at the defendant-university, reasoning, "In addition to the record containing no indication that the plaintiff's allegations are unfounded, the court is well-aware of the threat of violence that the LGBTQ community can face.  As such, we find plaintiff's reasons compelling for allowing him to proceed anonymously").

In another recent case out of the Eastern District of Pennsylvania involving a lesbian employee who pled in the complaint that she had a "masculine gender expression," the Honorable Joel H. Slomsky held that the plaintiff could pursue her employment discrimination case under "Michelle 'Doe'," due to the plaintiff's fear of potential retribution, even though the plaintiff acknowledged in that case that she was openly gay.  See Doe v. Parx Casino, No. 18-5289, at p. 2 (E.D. Pa. Jan. 2, 2019).  Although the defendant-employer in Doe v. Parx Casino did not oppose the request for anonymity, the defendant-employer did file a response including in the pertinent statement of facts, *inter alia*, that the plaintiff alleged she was "openly lesbian" in her complaint.  See id. at p. 3.

Even though Judge Slomsky held therefore that the plaintiff could not show that she kept her sexual orientation sufficiently confidential because she admitted to being openly lesbian in her underlying discrimination complaint, the court instead relied on the fact that the plaintiff in Doe v. Parx Casino alleged that the plaintiff "fears that if she were to proceed under her given name, she might face violence, intimidation, and retribution based on her sexual orientation." See id. at p. 2.  The court in Doe v. Parx Casino considered the Megless list of factors to be a "non-exhaustive list," and therefore "not comprehensive."  See id. at pp. 2-3.  Confidentiality, or the degree to which a litigant has kept a certain matter confidential, is only one factor in the list of non-exhaustive Megless factors, and it is not the only factor.

6

Judge Slomsky ruled in <u>Doe v. Parx Casino</u> that the plaintiff "has shown that she has a reasonable fear of harm if she were to litigate without a pseudonym" because she "alleges that she has faced pervasive harassment based on her sexual orientation and the fact that she has a masculine gender expression," "[s]he alleges discriminatory conduct by co-workers that range from insults and name-calling to aggression, intimidation, and threats of physical violence," and "[a]s a result, she fears that [not] proceeding anonymously will result in further threats, violence, and retribution." <u>See id.</u> at p. 3. This analysis was conducted independently of the question of confidentiality, which the plaintiff in <u>Doe v. Parx Casino</u> could not satisfy according to the court in that case because the plaintiff admitted she was being discriminated against because she was openly lesbian. <u>See also Doe v. Commonwealth of Pennsylvania</u>, No. 19-2193, Dkt No. 5, at pp. 2-3 (M.D. Pa. Jan. 14, 2020) (granting plaintiff anonymity in transgender discrimination case involving exclusion of gender-affirming surgery from employer-sponsored health plan, recognizing that disclosure "places [the plaintiff] at risk of being subjected to social stigma and violent attacks").

In <u>Doe v. Commonwealth of Pennsylvania</u>, the Honorable Sylvia H. Rambo reasoned that anonymity was justified in that case because the plaintiff "fear[ed] that publicly disclosing his gender identity places him at risk of being subjected to social stigma and violent attacks," and that "keeping his name and address stricken from the pleadings would not impair the public's interest in following lawsuits or the opposing parties' interest in investigating the case." <u>Id.</u> at pp. 2-3. While Judge Rambo reasoned that "[t]he public may have an interest in following the state of the law governing transgender people," Judge Rambo nevertheless recognized in that case that the public "has very little interest in finding out the identity of a specific transgender person." <u>Id.</u> at p. 3. <u>See also Doe v. Dallas</u>, 16-cv-787-JCJ (E.D. Pa. Mar. 10, 2016) (Dkt. 3)

(anonymity was permitted for transgender litigant alleging discrimination under the Affordable Care Act); Doe v. Romberger, 16-cv-2337-JP (E.D. Pa. June 27, 2016) (Dkt. 8) (anonymity was permitted for transgender litigant bringing a challenge to obtain an accurate birth certificate).

In the instant case, Plaintiff's request comports with other courts' grants of anonymity to transgender litigants in this jurisdiction as well as in the Middle District of Pennsylvania. Consistent with the cases cited above, Plaintiff respectfully contends that conditionally granting the instant Motion unless circumstances arise which otherwise warrant disclosure is appropriate at this time, so that Plaintiff is not subjected to potential retribution for bringing the instant case.

Plaintiff points to additional anecdotal evidence and statistics to support their request as did the plaintiff in Doe v. Gardens for Memory Care at Easton.  The court in Doe v. Gardens for Memory Care at Easton found the local and national statistics and data presented in that case to be persuasive.  See Doe v. Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3, 4, at n. 1, p. 2 (E.D. Pa. 2018).  The court reasoned in support of its opinion in Doe v. Gardens for Memory Care at Easton, "In her brief in support of this motion [the plaintiff] speaks of a fear of violence if her name is included in the Complaint citing statistics, several articles, and individual instances of violence against transgender people, in support of those propositions."  See id.  at n. 1, p. 2.  See also Doe v. Genesis Healthcare, No. 21-551, Dkt. No. 7 (E.D. Pa. Apr. 23, 2021).

In a recent opinion, Doe v. Genesis Healthcare, the Honorable Cynthia M. Rufe of the Eastern District of Pennsylvania held in an employment discrimination case brought by a transgender employee that the litigant in that matter was entitled to anonymity, recognizing that "courts in this Circuit have allowed anonymity due to the private and intimate nature of being transgender as well as the widespread discrimination, harassment, and violence faced by these individuals."  Doe v. Genesis Healthcare, No. 21-551, Dkt. No. 7, at p. 4 (E.D. Pa. Apr. 23,

2021.  The court in <u>Doe v. Genesis Healthcare</u> specifically cited the Eastern District of Pennsylvania's decisions in <u>Doe v. Gardens for Memory Care at Easton</u> and <u>Doe v. Triangle Doughnuts LLC</u>, as well as the Middle District of Pennsylvania's decisions in <u>Doe v. Commonwealth of Pennsylvania</u> and <u>Doe v. Pennsylvania Department of Corrections</u> in support of its holding.  <u>See Doe v. Genesis Healthcare</u>, Dkt. No. 7, n. 19.

Plaintiff similarly points out with respect to the instant litigation that statistics confirm transgender individuals are more likely to suffer violence because of their gender identity.[1]  It has been reported statistically that 2021 was the deadliest year on record for transgender individuals.[2]  2020 was the most violent year on record before then,[3] as was the year 2018 before then[4], the year 2017 before then,[5] and the year 2016 before then.[6]  The number of deaths of transgender people is disproportionate.

---

[1] <u>See</u> McBride, Sarah, "HRC & Trans People of Color Coalition Release Report on Violence Against the Transgender Community," *Human Rights Campaign* (November 17, 2017; Updated January 2018) [https://www.hrc.org/blog/hrc-trans-people-of-color-coalition-release-report-on-violence-against-the].

[2] <u>See</u> "2021 is now the deadliest year on record for transgender people," *PBS Newshour* (Nov. 18, 2021), https://www.pbs.org/newshour/nation/2021-is-now-the-deadliest-year-on-record-for-transgender-people; Orion Rummler and Kate Sosin,  "2021 is now the deadliest year on record for transgender people," https://19thnews.org/2021/11/2021-deadliest-year-record-transgender-people/ (Nov. 9, 2021).

[3] <u>See</u> "Fatal Violence Against Transgender and Gender Non-Conforming Community in 2021,": *Human Rights Campaign* (Last Accessed Sept. 13, 2023), https://www.hrc.org/resources/fatal-violence-against-the-transgender-and-gender-non-conforming-community-in-2021.

[4] <u>See</u> https://www.usatoday.com/story/news/2018/09/26/2018-deadliest-year-transgender-deaths-violence/1378001002/; https://www.cnn.com/2019/01/16/health/transgender-deaths-2018/index.html.

[5] <u>See</u> Human Rights Campaign, "Violence Against the Transgender Community in 2017," [https://www.hrc.org/resources/violence-against-the-transgender-community-in-2017].

[6] <u>See</u> Thomson Reuters Foundation, "2016 was Reportedly the Deadliest Year Ever for Transgender People," *Huffington Post* (November 11, 2016) [http://www.huffingtonpost.com/entry/transgender-people-2016_us_5824f1c3e4b034e38990c47c].

Locally, as well, transgender women, Shahere "Diamond" Jackson-McDonald, Dominique "Rem'mie" Fells, Mia Green, and Shantee Tucker [7] have been murdered in Philadelphia recently.[8] Trans man and local transgender activist, Mar'Quis "MJ" Jackson, was murdered in or around December 2022. [9] Naasire Johnson, a gay man, was recently murdered in Philadelphia.[10] In 2019 five (5) individuals allegedly brutally beat a gay man outside a bar in the Philadelphia Gayborhood.[11] In 2021, in Western Pennsylvania, news reports stated that "[t]he recent deaths of trans people of color in Western Pennsylvania signal an alarming trend of violence," that "[f]our trans people of color have died in Western Pennsylvania in February [2021], three of whom were killed within one week. [12] The Morris Home for Hope, an LGBTQ-specific Philadelphia homeless shelter, appears to have been "firebombed" in a hate crime attack

---

[7] Owens, Ernest, "Black Trans Woman Murdered at Old York Road Wednesday Morning," *Philadelphia Magazine* (Sept. 5, 2018), https://www.phillymag.com/news/2018/09/05/shantee-tucker-black-trans-crime/

[8] See Chang, David, "Transgender Woman Found Shot to Death in Philadelphia Apartment," *NBC 10 Philadelphia* (Dec. 1, 2022), https://www.nbcphiladelphia.com/news/local/transgender-woman-found-shot-to-death-in-philadelphia-apartment/3440360/; Owens, Ernest, "Black Trans Woman Murdered at Old York Road Wednesday Morning," *Philadelphia Magazine* (Sept. 5, 2018), https://www.phillymag.com/news/2018/09/05/shantee-tucker-black-trans-crime/; https://www.nbcnews.com/feature/nbc-out/fugitive-arrested-grisly-slaying-philadelphia-transgender-woman-n1247297 (Nov. 10, 2020); https://www.nbcphiladelphia.com/news/local/philly-man-charged-with-murder-of-transgender-woman/2547906/ (Sept. 29, 2020); Shaw, Julie, "Philly cops seek killer of trans woman, say motive behind shooting unclear," *Philly.com* (Sept. 5, 2018) [https://www.philly.com/philly/news/crime/shantee-tucker-philadelphia-shooting-trans-woman-old-york-road-hunting-park-20180905.html].

[9] Chang, David, "Arrest Made in Murder of Philly Transgender Activist," *NBC 10 Philadelphia* (Apr. 3, 2023), https://www.nbcphiladelphia.com/news/local/arrest-made-in-murder-of-philly-transgender-activist/3538837/
[10] https://www.inquirer.com/news/philadelphia-kylen-pratt-naasire-johnson-murder-fairmount-park-20220711.html (July 11, 2022).

[11] https://www.lgbtqnation.com/2019/01/5-people-jumped-car-brutally-beat-man-standing-outside-gay-bar/ (Jan. 30, 2019).

[12] Rooney, Kimberly, "The recent deaths of trans people of color in Western Pennsylvania signal an alarming trend of violence," *PGH City Paper* (Mar. 3, 2021), https://www.pghcitypaper.com/news/the-recent-deaths-of-trans-people-of-color-in-western-pennsylvania-signal-an-alarming-trend-of-violence-19015946.

in 2018.[13]  In July 2017 residents of the same shelter reported being attacked.[14]  The Commonwealth of Pennsylvania does not have a fully-inclusive non-discrimination ordinance for sexual orientation or gender identity.  The Commonwealth of Pennsylvania does not have window legislation for survivors.  Surrounding Northeastern states have both.

Looking to the explanation, an elevated state legislator, Hon. Darryl D. Metcalfe, who, as majority chairman of the House State Government Committee, was responsible for keeping a fully-inclusive LGBTQ+ non-discrimination bill from proceeding to the full committee for a vote in the Commonwealth of Pennsylvania state House of Representatives, had blocked a resolution honoring Domestic Violence Awareness Month, because "it has a homosexual agenda."[15]  The Commonwealth of Pennsylvania is an unwelcome and an unsafe place to be a person who is a member of the LGBTQ+ community, and in particular, transgender or gender non-conforming.

Violence, including fatal violence, against people who are transgender or gender non-conforming, is on the rise currently.[16]  Homicides of LGBTQ+ people have been on the rise

---

[13] Busey, Kelli, "Philly transgender group home firebombed in hate crime attack," *Planet Transgender* (June 29, 2018), available at [http://planettransgender.com/philly-transgender-group-home-fire-bombed/?cn-reloaded=1].

[14] Nieves, Alicia, "Police:  Transgender People Shot In Paintball Attacks," *CBS Philly* (July 7, 2017), available at [https://philadelphia.cbslocal.com/2017/07/07/philadelphia-police-investigating-series-of-paintball-attacks/].

[15] See Women's Law Project (2009), [www.womenslawproject.org/2009/09/24/rep-metcalfe-thinks-domestic-violence-awareness-month-has-a-homosexual-agenda/].

[16] See Marzullo and Libman, Human Rights Campaign, "Research Overview:  Hate Crimes and Violence Against LGBTQ People" (2009), at page 2 [www.hrc.org/resources/hate-crimes-and-violence-against-lgbt-people]; Haeyoun Park and Iaryna Mykhyalyshyn, "LGBT People Are More Likely To Be Targets of Hate Crimes Than Any Other Minority Group," The New York Times (June 16, 2016) [https://www.nytimes.com/interactive/2016/06/16/us/hate-crimes-against-lgbt.html?_r=0].

since 2007.[17]  The FBI released formal hate crime statistics in 2017 showing what is believed to be an increase in the number of reported hate crimes.[18]

Plaintiff has alleged a legitimate fear of violence with particularity which is sufficient to justify anonymity in this case.  Local and national statistics and data on violence against people who are transgender or gender non-conforming—alongside Plaintiff's individualized fear of violence articulated in her Declaration—are sufficient to justify a grant of anonymity for Plaintiff in the instant matter.  It should be pointed out again that the Megless list of factors are non-exhaustive.  Each factor does not need to be met or not in order for the Court to make a determination in favor of Plaintiff.  A strong showing on one factor may negate a weak or no such showing on another factor.  Megless sets forth a balancing test.

For example, the court in Doe v. Parx Casino found that the plaintiff had alleged a sufficient justification based on a "legitimate fear of severe harm" directed at the plaintiff on account of the plaintiff's "masculine gender expression," without a showing on the confidentiality prong, since the plaintiff in Doe v. Parx Casino acknowledged being openly gay.  See Doe v. Parx Casino, supra, at p. 3.  The instant case is similar in that Plaintiff has made a showing of a general as well as a particularized fear of violence against her on account of her gender identity, with respect to a "legitimate fear of severe harm that is reasonable."  A strong showing on the severe harm prong is sufficient to grant Plaintiff's request for anonymity.

---

[17] Wile, Rob, "It's Still Dangerous To Be Gay In America.  Here Are The Statistics That Prove It," *Splinter* (June 12, 2016), [www.splinternews.com/it-s-still-dangerous-to-be-gay-in-america-here-are-the-1793857468].

[18] Dashow, Jordan, "New FBI Statistics Show Alarming Increase in Number of Reported Hate Crimes," *Human Rights Campaign* (November 13, 2018) [www.hrc.org/blog/new-fbi-statistics-show-alarming-increase-in-number-of-reported-hate-crimes].

Plaintiff respectfully requests that this Honorable Court permit her to adopt the name, "Jane Doe," in this litigation.  Plaintiff requests that this Court permit Plaintiff to redact her home address from the Complaint and any amendment thereto.  Plaintiff respectfully requests that the instant Motion for Anonymity be granted.

### B.    The Public Interest Weighs in Favor of Granting Plaintiff's Anonymity Request.

According to Megless, when deciding the issue of anonymity, the Court should also consider "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity . . . ."  Megless, 654 F.3d at 409.  Conversely, if "there is an atypically weak public interest in knowing the litigant's identit[y]," then this factor weighs in favor of granting the litigant anonymity.  Id.

Generally speaking, as stated above, people who are transgender are recognized as having a strong interest in keeping their identity confidential in civil litigation.  See Doe v. Pa. Dep't of Corrections, supra, 2019 WL 5683437, at *2; see also Doe v. Delie, 257 F.3d 309, 315-16 (3d Cir. 2001) (transgender inmate entitled to medical privacy); Powell v. Schriver, 175 F.3d 107, 111 (2d Cir. 1999) ("[t]he Constitution does indeed protect the right to maintain confidentiality of one's [transgender status]").

Consideration of the public interest here also weighs in favor of Plaintiff and against Defendants.  In the instant case, as the Plaintiff is not a public figure, there is not a particularly strong interest in revealing Plaintiff's identity.  See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997).  This consideration was also recently recognized by Judge Beetlestone in Doe v. Gardens for Memory Care at Easton, an employment discrimination case brought by a transgender employee, where Judge Beetlestone reasoned that the public interest weighed in favor of the plaintiff in that case because the plaintiff was a "certified nursing

13

assistant, not a public figure."  See Doe v. Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3, 4, at n. 1, p. 2 (E.D. Pa. 2018).  In the instant case, this is an employment discrimination case that concerns a nursing employee who alleged discrimination based on her status as a person who is androgynous.  See Pltf.'s Compl., ECF No. 1, para. 17.  Plaintiff is not a public figure.  This factor therefore weighs in favor of granting Plaintiff's anonymity request.

Further, as recently recognized by the Middle District of Pennsylvania in two (2) recent decisions, while there may be an interest in general in the development of the law surrounding, as Judge Brann recognized, "transgender issues" or "transgender litigation," see Doe v. Pennsylvania Department of Corrections, supra, 2019 WL 5683437, at *2, there is, according to Judge Rambo, very little public interest in knowing the specific identity of any particular transgender litigant.  See Doe v. Commonwealth, supra, No. 19-2193, Dkt No. 5, at p. 3.

Plaintiff respectfully contends that the public interest also includes the interest in protecting the Plaintiff's, and other future litigants', privacy surrounding their gender identity. Plaintiff contends that the public interest will best be served by ensuring Plaintiff can proceed anonymously so that Plaintiff does not face severe harm, and so that Plaintiff is not outed beyond an extent to which she is comfortable.  If the instant Motion were denied, Plaintiff and potential future litigants would be faced with the choice of proceeding with the case or having to drop the lawsuit to avoid revealing their identities.  Plaintiff respectfully submits justice would not be served in such an instance.

For this additional reason, Plaintiff's anonymity request should be granted as the public interest weighs in favor of granting Plaintiff's request.  Plaintiff respectfully requests that the instant Motion be granted.

C.      **Plaintiff Seeks to Keep Only a Limited Amount of Information Confidential.**

Plaintiff only seeks to keep a limited amount of information confidential.  It is especially appropriate to permit anonymity where a court can otherwise "keep the proceedings open to the public while still maintaining the confidentiality of plaintiff's identity."  See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997).  A related point was also recognized by Judge Beetlestone in the Eastern District of Pennsylvania decision, Doe v. Gardens for Memory Care at Easton.  See Doe v. Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3-4, n. 1, p. 2 (E.D. Pa. 2018) ("[Plaintiff] makes a point, however, that she is not requesting that the matter be sealed, only that her name be kept out of the Complaint.  More specifically, she is prepared to conduct discovery, depositions, and trial with her actual preferred name.").

In the instant case, like Doe v. Gardens for Memory Care at Easton, Plaintiff is agreeable to conducting depositions and trial with her real name being used.  Plaintiff is also not requesting that this case or any document be sealed.  Plaintiff is respectfully moving the Court for permission to proceed with the designation, "Jane Doe," and to redact her home address from the pleadings.  Plaintiff only seeks to keep a limited amount of information confidential.  The public can know about the facts and development of this case from the docket activity.  Plaintiff respectfully requests that she be permitted to keep her last name and home address private in court filings and that the instant Motion be granted.

D.      **Plaintiff Also Requests to Keep Her Gender Identity Confidential Pursuant to Plaintiff's Right to Medical Privacy, Which Is Recognized By the Health Insurance Portability and Accountability Act ("HIPAA"), in Order to Permit Plaintiff to Pursue Her Disability-Based Claims At Counts III and IV.**

Plaintiff further seeks to keep her gender identity private in light of the disability-based claims pled in the Complaint and because of Plaintiff's interest in medical privacy.  See 45 CFR Part 160, Subparts A and E of Part 164; 45 C.F.R. 160.103 (the Health Insurance Portability and

Accountability Act, or "HIPAA").  Plaintiff respectfully submits that Plaintiff's identity should not be disclosed to the public.

A similar medical privacy argument was raised by a transgender plaintiff in an employment discrimination case, out of the Eastern District of Pennsylvania, in Doe v. The Hospital of the University of Pennsylvania, Case No. 19-2881 (E.D. Pa. 2019) (Dkt. 11).  The Court, the Hon. Mitchell S. Goldberg, granted the anonymity request in that case.  See Doe v. The Hospital of the University of Pennsylvania, Case No. 19-2881 (E.D. Pa. Dec. 9, 2019) (Dkt. 27).

Plaintiff in the instant action is advancing a similar medical privacy argument.  HIPAA prohibits the disclosure of an individual's protected health information ("PHI") without their consent.  State law as well as certain constitutional provisions also protect Plaintiff's right to medical privacy and from unwarranted disclosure.  See, e.g., Doe v. Delie, supra, 257 F.3d at 315-16; Powell, 175 F.3d at 111.  It is also well-recognized by Federal district courts that the potential social stigma associated with certain mental health conditions can also independently justify anonymity in civil litigation.  See, e.g., Doe v. United Behavioral Health, No. 10-5192, 2010 WL 5173206 (E.D. Pa. Dec. 10, 2010); Doe v. Provident Life and Accident Insurance Company, 176 F.R.D. 464 (E.D. Pa. 1997); and Doe v. Hartford Life & Accident Insurance Company, 237 F.R.D. 545 (D.N.J. 2006).

In the instant case, Plaintiff pleads disability-based claims which renders Plaintiff's actual and/or perceived disability a relevant legal issue in the instant case.  These counts largely present a constitutional and, therefore, purely legal question for this Court's consideration.  In light of the purely legal issue associated with Plaintiff's disability-based claims, the equities weigh in favor of permitting Plaintiff to litigate the instant matter anonymously as "Jane Doe."  With all

due respect, Plaintiff contends it is time for a judicial determination of whether the so-called

Gender Identity Disorder ("GID") exclusion is constitutional or unconstitutional.  Plaintiff

respectfully submits that the GID exclusion has created second-class citizens of people who are

transgender and gender non-conforming.  Plaintiff alleges the exclusion deprives Plaintiff and

other people who are gender non-conforming of dignity and due process.  Plaintiff has a strong

interest in not having her identity revealed in this lawsuit thereby potentially subjecting Plaintiff

to social stigma.  This is an additional independent reason to grant anonymity in the instant case.

Plaintiff's Motion should be conditionally granted.

**V.    CONCLUSION:**

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court

grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the name, "Jane Doe";

and permit Plaintiff to redact her home address from the Complaint, and any amendment thereto.

Respectfully submitted,

DATED:  01/31/2024          BY: _____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

17

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

Undersigned counsel sent the instant Motion to Proceed Anonymously to General Counsel for Defendants.  Undersigned counsel requested concurrence.  Counsel has not consented to the relief requested herein.

                                       Respectfully submitted,

DATED:  <u>01/31/2024</u>      BY:     *<u>/s/ Justin Robinette, Esquire</u>*
                                          Justin Robinette, Esquire
                                          PA Supreme Court I.D. No. 319829
                                          P.O. Box 15190
                                          Philadelphia, PA 19130-9998
                                          Tel: (267) 595-6254
                                          Fax: (267) 592-3067
                                          justin@jrobinettelaw.com

                                          *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, Jane Doe, in the above-named matter, do hereby certify that on this <u>31st</u> day of <u>JANUARY</u>, <u>2024</u>, the foregoing Motion of Plaintiff to Proceed Anonymously, together with the Brief in Support thereof and accompanying exhibits, were filed using the Court's electronic filing system, and sent via electronic mail to General Counsel for Defendant, Independence Blue Cross, on today's date, or as soon thereafter as service can be effectuated.

Respectfully submitted,

DATED:  <u>01/31/2024</u>                    BY: _____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*