## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JANE DOE,<br>　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>CITY OF PHILADELPHIA;<br>INDEPENDENCE BLUE CROSS;<br>FIREFIGHTERS & PARAMEDICS LOCAL<br>22, FIREFIGHTERS & PARAMEDICS<br>LOCAL 22 FUND, FIREFIGHTERS &<br>PARAMEDICS LOCAL 22 HEALTH<br>PLAN; FIREFIGHTERS & PARAMEDICS<br>LOCAL 22 TRUST,<br><br>　　　　　　Defendants | Case No. 2:24-cv-00468-WB |

**O R D E R**

　　　　AND NOW, this _____ day of _____, 20___, upon

consideration of the Motion of Plaintiff for Leave to Amend to File First Amended Complaint,

and any Response thereto, it is hereby **ORDERED** and **DECREED** that the Plaintiff's Motion is

**GRANTED.**

　　　　It is **FURTHER ORDERED** and **DECREED** that Plaintiff may file the First Amended

Complaint attached to Plaintiff's Motion within ten (10) days from the date of the Court's Order.


　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　BEETLESTONE, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE,

           Plaintiff,

        v.

CITY OF PHILADELPHIA;
INDEPENDENCE BLUE CROSS;
FIREFIGHTERS & PARAMEDICS LOCAL
22, FIREFIGHTERS & PARAMEDICS
LOCAL 22 FUND, FIREFIGHTERS &
PARAMEDICS LOCAL 22 HEALTH
PLAN; FIREFIGHTERS & PARAMEDICS
LOCAL 22 TRUST,

          Defendants

Case No. 2:24-cv-00468-WB

## MOTION OF PLAINTIFF FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT

Plaintiff, Jane Doe, by and through her undersigned counsel, Justin Robinette, Esquire, hereby submits and files the instant Motion for Leave to Amend to File First Amended Complaint, and incorporates by reference all of the arguments contained in the accompanying Brief, as if the same were more fully set forth herein at length.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the instant Motion for Leave to Amend and permit Plaintiff to file the proposed First Amended Complaint attached to Plaintiff's Motion.

Respectfully submitted,

DATED: 03/07/2024       BY: _Justin F. Robinette_

                     Justin Robinette, Esquire
                     PA Supreme Court I.D. No. 319829
                     P.O. Box 15190

Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br>                    Plaintiff,<br><br>                    v.<br><br>CITY OF PHILADELPHIA;<br>INDEPENDENCE BLUE CROSS;<br>FIREFIGHTERS & PARAMEDICS LOCAL<br>22, FIREFIGHTERS & PARAMEDICS<br>LOCAL 22 FUND, FIREFIGHTERS &<br>PARAMEDICS LOCAL 22 HEALTH<br>PLAN; FIREFIGHTERS & PARAMEDICS<br>LOCAL 22 TRUST,<br><br>                    Defendants | Case No. <u>2:24-cv-00468-WB</u> |

**BRIEF IN SUPPORT OF MOTION OF PLAINTIFF FOR LEAVE TO AMEND TO FILE**
**FIRST AMENDED COMPLAINT**

Plaintiff, Jane Doe, by and through her undersigned counsel, Justin Robinette, Esquire, hereby submits and files the instant Brief in Support of the Motion of Plaintiff for Leave to Amend to File First Amended Complaint, and in support thereof, states as follows:

**I.    MATTER BEFORE THE COURT:**

Motion of Plaintiff for Leave to Amend to File First Amended Complaint and Brief in Support thereof.

**II.    STATEMENT OF QUESTIONS INVOLVED:**

1.    Should this Court permit Plaintiff to file a First Amended Complaint to attach Plaintiff's Notice of Right-to-Sue within ninety (90) days of receipt of the same?

Suggested Answer:  **YES.**

2.      Should this Court permit Plaintiff to file a First Amended Complaint to correct the name of Plaintiff's labor organization as the proper party to be sued in this matter?

Suggested Answer:  **YES.**

## III.    <u>STATEMENT OF FACTS:</u>

Plaintiff is an employee of Defendant, City of Philadelphia, as a firefighter.  <u>See</u> Plaintiff's Compl., at Dkt. No. 1, para. 1, 16.  Plaintiff is a Battalion Chief.  <u>See id.</u> at para. 17. Plaintiff alleges that the Defendant-employer, City of Philadelphia; the Defendant-labor organization, Firefighters & Paramedics Local 22; and Defendant, Independence Blue Cross, which administers and underwrites Plaintiff's employer-sponsored health plan, discriminated against Plaintiff by refusing to extend insurance coverage to Plaintiff for facial feminization surgeries ("FFS") and related procedures.  <u>See id.</u> at para. 1, 30, 70.  Plaintiff filed a Complaint directly in Court asserting claims under Section 1557 of the Patient Protection and Affordable Care Act ("ACA"), also known as the ACA non-discrimination rule, and Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), which do not require exhaustion.

Plaintiff also filed an EEOC Charge with the Equal Employment Opportunity Commission ("EEOC"), and received the Notice of Right-to-Sue after the filing of the lawsuit. <u>See</u> Exhibit "A" attached to Plaintiff's Proposed First Amended Complaint.  Plaintiff intends to bring claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Philadelphia Fair Practices Ordinance ("PFPO"), which require exhaustion.  Out of an abundance of caution, in light of the upcoming 90-day right-to-sue deadline for filing a lawsuit containing Plaintiff's Notice of Right-to-Sue, Plaintiff respectfully requests that this Court permit Plaintiff to file a First Amended Complaint in the form attached hereto as Exhibit "A."  Plaintiff also seeks to correct the name of Plaintiff's labor organization

based on knowledge learned after the filing of the lawsuit from Defense Counsel about the

proper name of the party to be sued.  For all of the foregoing reasons, Plaintiff's Motion to

Amend should be granted.[1]

## IV.    LEGAL ARGUMENT:

Federal Rule of Civil Procedure 15(a)(1)(2) states that "a party may amend its pleading

only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P.

15(a)(1)(2).  Defendants have not consented under Federal Rule of Civil Procedure 15.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given

when justice so requires."  Fed. R. Civ. P. 15(a)(1)(2); see also Foman v. Davis, 371 U.S. 178,

182 (1962) ("this mandate is to be heeded."). The Supreme Court of the United States held in

Foman that leave should be "freely given" in accordance with Rule 15(a) "[i]n the absence of . . .

undue delay, bad faith or dilatory motive on the part of the movant," "undue prejudice to the

opposing party by virtue of allowance of the amendment," or "futility of amendment."  Id.

In employment discrimination cases, if the underlying basis for employment

discrimination is still in substance the same, then the amendment should be permitted.

See Bernstein v. Nat'l Liberty Intern. Corp., 407 F. Supp. 709, 714 (E.D. Pa. 1976) (permitting

the addition of parties and reasoning that "the proposed amended complaint relates back to the

original complaint and satisfies the 90-day time limit" for filing a Title VII lawsuit); see

---

[1] Defendants have expressed the intent to file a Rule 11 Motion against Plaintiff premised on the idea that Defendants were going to change their discriminatory policy, effective January 1, 2024. But Defendants have required Plaintiff to maintain natal sex characteristics with which she no longer identified for months. Plaintiff considered ending her life. Defendants discriminated against Plaintiff and the LGBT community and should not be permitted to do so with impunity. The relevant time period is the period of time during which Plaintiff was discriminated against, and not the time period afterward.  Further, Defendants still refuse to cover hair transplants, when hairline advancement and hair pattern are crucial—in fact, these are the procedures identified as the first procedures associated with FFS, starting from the head and working down, according to Plaintiff's expert—simply stated, hair transplant procedures are a crucial component of FFS surgery.  Undersigned counsel also respectfully submits to this Court that this is not the first time a Rule 11 sanctions motion has been threatened against undersigned counsel in an LGBTQ+ discrimination case as a tactic.

also <u>Chan v. Barbour, Inc.</u>, No. 16-5688, 2017 WL 2972689 at *2-3 (E.D. Pa. July 12,

2017); <u>Spicer v. Villanova Univ.</u>, No. 06-0411, 2006 U.S. Dist. LEXIS 87141 *1, *5-6 (E.D. Pa.

Dec. 1, 2006); <u>Wenzinger v. Sperry</u> <u>Corp.</u>, No. 86-1231, 1986 U.S. Dist. LEXIS 17209, *1, *5-6

(E.D. Nov. 26, Pa. 1986).

  In the instant case, Plaintiff sent a proposed Stipulation to Amend the Complaint to

Defense Counsel for Firefighters & Paramedics Local 22, the City of Philadelphia, and Defense

Counsel for Independence Blue Cross.  All Defense Counsel have not consented to the

amendment.  Defense Counsel for Firefighters & Paramedics Local 22 stated that only if the

other defendants agree in the Stipulation will Defense Counsel sign the Stipulation.  The

remaining defendants, however, have not consented to the relief requested.  It should also be

noted that Defense Counsel for Firefighters & Paramedics Local 22 has indicated to Plaintiff's

Counsel that the proper name of the party has not been identified, and yet, Defense Counsel still

will not agree to an amendment unless the other remaining defendants—including, presumably,

the allegedly improperly-named defendants—would agree.  However, allegedly improperly-

named defendants, not represented by Defense Counsel, Defense Counsel knows cannot agree to

the amendment.  Plaintiff's Counsel respectfully believes that there is gamesmanship occurring

in order for Defendants to attempt to evade liability under Title VII of the Civil Rights Act of

1964 for compensatory and punitive damages.[2]

  Therefore, out of an abundance of caution, and in light of the upcoming 90-day right-to-

sue deadline, Plaintiff respectfully requests that this Court permit Plaintiff to file a First

Amended Complaint in the form attached hereto as Exhibit "A."  For all of the foregoing

---

[2] Undersigned counsel permitted an extension of time to answer to the Defendants, despite effectively serving the
Defendants. No good deed goes unpunished.

reasons, Plaintiff's Motion to Amend should be granted and Plaintiff should be permitted to file a First Amended Complaint in the proposed form attached herewith.

## V.      CONCLUSION:

For all of the foregoing reasons, Plaintiff's Motion to Amend should be granted.  Plaintiff should be permitted to file a First Amended Complaint in the proposed form attached herewith.

Respectfully submitted,

DATED:  03/07/2024                    BY: _Justin F. Robinette_____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

Undersigned counsel requested concurrence in the subject Motion to Amend. All counsel have not consented to the relief requested herein.

Respectfully submitted,

DATED: <u>03/07/2024</u>          BY:      <u>*/s/ Justin Robinette, Esquire*</u>

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
justin@jrobinettelaw.com

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, Jane Doe, in the above-named matter, do hereby certify that on this <u>7th</u> day of <u>FEBRUARY</u>, <u>2024</u>, the foregoing Motion of Plaintiff for Leave to File a First Amended Complaint, together with the Brief in Support thereof, were filed using the Court's electronic filing system, and sent via electronic mail to the following on today's date, or as soon thereafter as service can be effectuated, upon all counsel of record.

### *<u>VIA ELECTRONIC MAIL</u>*

Joe H. Tucker, Jr., Esquire
Tucker Law Group, LLC
Ten Penn Center
1801 Market Street, Ste 2500
Philadelphia, PA 19103
jtucker@tlgattorneys.com

*Attorney for Defendant, Independence Blue Cross*

Nicole Morris, Esquire
Ellen Berkowitz
City of Philadelphia Law Department
1515 Arch Street, Ste. 15
Philadelphia, PA 19102
Nicole.Morris@phila.gov
Ellen.Berkowitz@phila.gov

*Attorneys for Defendant, City of Philadelphia*

John Bielski, Esquire
Willig Williams Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
jbielski@wwdlaw.com

*Attorney for Philadelphia Firefighters' and Paramedics' Union, I.A.F.F., Local 22*

Respectfully submitted,

DATED:  <u>03/07/2024</u>        BY: _____
                                                        Justin Robinette, Esquire

10

PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*