**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE, | : |
| | : No. 2:24-cv-00468-WB |
| Plaintiff, | : |
| | : (Hon. Wendy Beetlestone) |
| v. | : |
| | : |
| CITY OF PHILADELPHIA, *et al.*, | : |
| | : |
| | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF
PHILADELPHIA'S MOTION TO DISMISS
<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1
II. PLAINTIFF'S ALLEGATIONS .......... 2
III. LEGAL ARGUMENT .......... 3
A. Standard for Motion to Dismiss .......... 3
B. Plaintiff's Failure to Distinguish What Defendant Participated in Which Wrongful Conduct Warrants Dismissal of the Complaint under FRCP 8 .......... 4
C. Plaintiff Did Not Exhaust her Administrative Remedies under the PFPO (Counts II, VI, IX). .......... 7
D. In Any Event, Plaintiff's Employment Discrimination Claims under Title VII, the ADA, and the PFPO (Counts I, II, V, and VI) Are Flawed and Should be Dismissed. .......... 8
E. Plaintiff's ERISA Claim Should Be Dismissed Since the Employee Benefit Plan as at Issue Is Not Governed By ERISA (Count VII). .......... 10
IV. CONCLUSION .......... 10

Defendant City of Philadelphia (the "City") submits this Memorandum of Law in support of its Motion to Dismiss the First Amended Complaint (the "Amended Complaint") for failure to state a claim upon which relief can be granted. The City hopes that this case can be streamlined in a manner that would permit Plaintiff to proceed to discovery only on the facially actionable and legally sufficient claims and only as to certain Defendants.

## I.      INTRODUCTION

Plaintiff Jane Doe filed this action against her current employer, the City, as well as her current labor union, Philadelphia Firefighters' & Paramedics' Union, I.A.F.F., Local 22 (the "Union"), and the administrator of her health plan, Independence Blue Cross ("IBC"). Though Plaintiff tries to spread out the accusations among these three entirely separate entities across a number of federal and local laws, her Amended Complaint essentially alleges that she suffered discrimination when Defendant IBC refused to provide Plaintiff insurance coverage for facial feminization surgeries ("FFS") for transgender women. *See generally*, Amended Complaint, Docket No. 10 ("Am. Compl.") (citing the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.,* the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(A)(1)(B), the Affordable Care Act ("ACA"), 42 U.S.C. § 18116, and the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code, Title 9, Chapter § 9-1100.

Plaintiff filed every count in her Amended Complaint against **all of the Defendants**, regularly disregarding whether certain of the Defendants' conduct was actually a predicate action for a claim. As detailed below, this blanket approach to pleading has resulted in vague and unsupported claims.

## II.     PLAINTIFF'S ALLEGATIONS[1]

Plaintiff is a transgender woman who has worked as a firefighter for the City for twenty-eight (28) years.  Am. Compl. ¶¶ 1, 15-16. Plaintiff is a member of her local union, the Philadelphia Firefighters' and Paramedics Union, I.A.F.F., Local 22 (the "Union"). *Id.* at ¶ 1. Plaintiff remains a current employee of the City.

Through her employment with the City and membership in the Union, Plaintiff received health insurance through a health plan, the Firefighters & Paramedics Local 22 Health Plan (the "Plan"), which was underwritten and administered by Defendant IBC. *Id.* at ¶¶ 1, 184. At some point during her employment, Plaintiff sought several medical procedures, which she collectively refers to as "gender-affirming care and treatment." *Id*. at 33. In her Amended Complaint, Plaintiff identifies that she "submitted a preclearance or preauthorization request to the Defendants seeking the Defendants' approval for the coverage of a series of surgical facial procedures known as … [FFS].'" *Id.* at ¶ 32. Plaintiff does not identify in her Amended Complaint the dates on which she sought such treatment or otherwise provide a copy of the preclearance or preauthorization request.

Ultimately, Plaintiff states that "Defendants" denied Plaintiff's preclearance or preauthorization request for FFS. *Id.* at ¶ 32.  Plaintiff does not identify which Defendant denied this request, or the date of this denial.  Plaintiff then appealed the determination which was again denied by "Defendants." *Id.* at ¶ 36. Again, Plaintiff does not identify which Defendant denied this request, or the date of this denial.

After her request and appeal had been denied, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC.") *Id.* at ¶ 9. Plaintiff does not allege

---

[1] The facts as pled in Plaintiff's Complaint are accepted as true only for the purposes of this Motion.

2

that she filed a charge with the Philadelphia Commission on Human Relations. On February 14, 2024, the EEOC issued Plaintiff a Right to Sue Letter. *Id.* at Ex. 1.

On March 7, 2024, Plaintiff filed her Amended Complaint in the Eastern District of Pennsylvania. In her nine-count Amended Complaint, Plaintiff alleges the following claims against all Defendants:

| COUNT | LEGAL BASIS OF CLAIM | DEFENDANT |
|---|---|---|
| Count I | Title VII Sex Discrimination | All Defendants |
| Count II | PFPO Gender Identity Discrimination | All Defendants |
| Count III | ACA Sex Discrimination | All Defendants |
| Count IV | ACA Disability Discrimination | All Defendants |
| Count V | ADA Disability Discrimination | All Defendants |
| Count VI | PFPO Disability Discrimination | All Defendants |
| Count VII | ERISA Section 502(a)(1)(B) | All Defendants |
| Count VIII | ADA Failure to Accommodate | All Defendants |
| Count IX | PFPO Failure to Accommodate | All Defendants |

Am. Compl. ¶¶ 64-230.

### III.     LEGAL ARGUMENT

#### A.     Standard for Motion to Dismiss

Federal district courts are required to dismiss a complaint when the allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While Federal Rule of Civil Procedure 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," the United States Supreme Court has made clear that, to survive a motion to dismiss, the "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotations omitted). Importantly, allegations which are "no more than conclusions, are not entitled to the assumption of the truth." *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (internal quotations omitted)). To survive a

motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Third Circuit has reiterated the importance of sufficient factual allegations in a complaint, as opposed to merely alleging an entitlement to relief:

> [W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

*Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). The Court need not consider "legal conclusions," "conclusory statements," "bare-bones allegations," or "threadbare recitals" when deciding a motion to dismiss. *Id.* at 210 (citing *Iqbal* and *Twombly).* Applying this standard, much of Plaintiff's Complaint should be dismissed as a matter of law.

**B.   Plaintiff's Failure to Distinguish What Defendant Participated in Which Wrongful Conduct Warrants Dismissal of the Complaint under FRCP 8.**

Plaintiff's Amended Complaint is intentionally vague. Rather than properly alleging the conduct that occurred, Plaintiff uses the collective term "Defendants" throughout her Amended Complaint in order to prevent a clear understanding of which Defendant participated in the conduct described in the Amended Complaint. The Amended Complaint asserts claims against three separate Defendants: the City, the Union, and IBC. Each of these Defendants is a separate entity with different roles and obligations to Plaintiff. Notwithstanding this fact, Plaintiff improperly lumps them together as "Defendants" (Am. Compl. at ¶ 1) and pleads virtually all of their material

4

allegations and claims against them collectively, in "group" fashion, without differentiating among them in any way, or properly pleading the acts or omissions each party is claimed to have committed.

Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain… (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(a)(2) requires a "showing" – not just "a blanket assertion of an entitlement to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1965 n.3). Courts within this Circuit have held that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants," and that "conclusory allegations against defendants as a group" which fail to describe the "personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Kimball v. Volkswagen Grp. of Am., Inc.*, 22-CV-4163, 2023 WL 2331569, at *8 (D.N.J. Mar. 2, 2023) (quoting *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012)). Because the Plaintiff must give each of the Defendants in this case fair notice of what the claims are and the grounds upon which they rest, the Plaintiff "may not rely on vague references to a group of defendants." *Angle v. Smith*, 122CV00033SPBRAL, 2022 WL 2392822, at *4 (W.D. Pa. June 10, 2022), *report and recommendation adopted*, CV 22-33, 2022 WL 2392438 (W.D. Pa. July 1, 2022) (citing *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (citation omitted) and *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct" fails to satisfy minimum "fair notice" standard of FRCP Rule 8)).

In an effort to muddy waters, the Plaintiff intentionally fails to distinguish which Defendant performed what conduct in order to bring employment discrimination claims against an insurance company and in order to bring ACA claims against an employer. The actual conduct alleged

5

against the City specifically is fairly minimal. In the "Material Facts" section of the Amended Complaint, after stating that Plaintiff is employed by the City and came out as a transgender woman while working for the City, the only other factual averment about the City is that it provides healthcare benefits to Plaintiff.  Am. Compl. ¶¶ 12, 14-16, 26. Almost every other allegation in the Material Facts section of the Amended Complaint refers to the "Defendants" – a collective group. Am. Compl. ¶¶ 32-34, 36-41, 44-49, 51-55, 62-63. Importantly, Plaintiff does not allege that these "Defendants" were acting jointly or in tandem. Indeed, in certain instances, based on an appreciation that no one at the City or the Union would hold the title, "claims representative", it is clear the use of "Defendants" actually refers only to IBC. Am. Compl. ¶ 59. In one paragraph, Plaintiff switches back and forth in a single paragraph regarding whether she is referencing a particular Defendant or the entire group of Defendants. *See, e.g. Id.* ("Plaintiff's gender identity was known to claims agents and representatives of Defendant, [IBC], but despite Defendants' knowledge of Plaintiff's gender identity, Defendants nevertheless included in written correspondence to Plaintiff a name that was not Plaintiff's preferred name, in most or all correspondence directed to Plaintiff by Defendant, [IBC]."). Plaintiff fails to meet the requirement to describe the "personal involvement of any defendant" in such instance even where it is clear from the allegations in the Amended Complaint that information to differentiate between Defendants is available.

This collective reference of "Defendants" occurs throughout Plaintiff's Amended Complaint and in each of Plaintiff's claims. Accordingly, Plaintiff's Amended Complaint should be dismissed in its entirety.

### C.      **Plaintiff Did Not Exhaust her Administrative Remedies under the PFPO (Counts II, VI, IX).**

On the face of Plaintiff's Amended Complaint, it is clear that she failed to administratively exhaust her claims arising under the PFPO, and accordingly, such claims should be dismissed.

The PFPO makes plain that **plaintiffs may only exercise a private right of action after invoking the procedures of the Philadelphia Commission** on Human Relations (the "Philadelphia Commission") **and receiving notice** from the Philadelphia Commission that it has dismissed the complaint or not otherwise entered into a conciliation agreement. Phila. Code § 9-1122.

Here, Plaintiff has not asserted any facts that indicate that she invoked the procedures of the Philadelphia Commission. Indeed, Plaintiff does not even mention the Philadelphia Commission – stating only that she "exhausted all applicable administrative remedies" and attaching a Right to Sue from the EEOC as Exhibit A to her Amended Complaint. Upon inspection, the Right to Sue letter also does not mention the Philadelphia Commission or provide any information that would indicate that the Plaintiff elected to dual file her Charge of Discrimination with the Philadelphia Commission. By failing to invoke the procedures of the PFPO, Plaintiff foreclosed herself from later pursuing claims under the PFPO. It is clear on the face of the Amended Complaint that she has not properly invoked the Philadelphia Commission's procedures nor received the requisite notice to pursue her asserted PFPO claims in court. Accordingly, Plaintiff's claims arising under the PFPO (Counts II, VI, IX of Plaintiff's Amended Complaint) should be dismissed as to the City.

> **D.    In Any Event, Plaintiff's Employment Discrimination Claims under Title VII, the ADA, and the PFPO (Counts I, II, V, and VI) Are Flawed and Should be Dismissed.**

Even if Plaintiff had exhausted her PFPO discrimination claims, those claims – along with her Discrimination claims under Title VII and the ADA – would still be fundamentally flawed. Plaintiff's Amended Complaint alleges four separate employment discrimination claims: two claims for sex discrimination under Title VII and Section 9-1103(1)(a) of the PFPO (Counts I and II), and two claims of disability discrimination under the ADA and Section 9-1103(1)(a) of the PFPO (Counts V and VI). Unfortunately for Plaintiff, she has failed to demonstrate any adverse employment action during the course of her employment.

All of Plaintiff's employment discrimination claims require an adverse action. Under Title VII and the PFPO, to demonstrate a *prima facie* case of sex or gender identity discrimination, a plaintiff must demonstrate the following elements: (1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for the position [s]he held; (3) **the plaintiff suffered an adverse employment action**; and (4) the adverse employment action occurred under circumstances that could give rise to an inference of intentional discrimination. *Drummer v. Trustees of Univ. of Pennsylvania*, 286 F.Supp.3d 674, 681 (E.D. Pa. 2017) (emphasis added).[2] Similarly, to establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must show that she is (1) disabled within the meaning of the ADA, (2) can perform essential functions of his job with or without reasonable accommodation, and (3) **suffered an adverse employment action as a result of discrimination** based on his disability. *Id.* at 682 (emphasis added).

---

[2] "Claims pursuant to Title VII… and the PFPO are "interpreted coextensively." *Angelis v. Philadelphia Hous. Auth.*, CV 23-460, 2024 WL 643142, at *7 (E.D. Pa. Feb. 15, 2024) (citing *Mercado v. Sugarhouse HSP Gaming, L.P.*, No. 18-3641, 2019 WL 3318355, at *4 n.2 (E.D. Pa. July 23, 2019). Additionally, "[t]he same legal framework applies to disparate treatment claims under the ADA… and the PFPO." *Id.* (citing *Bialko v. Quaker Oats Co.*, 434 F. App'x 139, 142 (3d Cir. 2011).

For the purposes of this Motion, the City's foremost concern is Plaintiff's failure to plead an adverse employment action in support of any of her claims.[3] Importantly, "**[n]ot everything that makes an employee unhappy is an actionable adverse action.**" *Young v. St. James Mgmt., LLC*, 749 F.Supp.2d 281, 296–97 (E.D. Pa. 2010) (quoting *Smart v. Ball State Univ.,* 89 F.3d 437, 441 (7th Cir.1996)). An adverse action must be an action **by an employer** that is "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir.2004). Accordingly, Courts have found that adverse employment actions must amount to a "**significant change in employment status**, such as hiring, firing, failing to promote, reassignment, or a decision causing a significant change in benefits." *Homel v. Centennial Sch. Dist.*, 836 F.Supp.2d 304, 323 (E.D. Pa. 2011).

Here, Plaintiff simply has not identified what decision the City made that amounted to an adverse employment action under Title VII, the ADA or the PFPO. Indeed, Plaintiff's employment has remained consistent. She has not alleged any change in employment status, title, wages, or a change in the benefits provided by the City. Rather, she has alleged that *IBC* denied her request for coverage of her FFS under the same Plan that the City has continually maintained. Based on Plaintiff's Complaint, there was no *change* in the benefits provided under the Plan, but rather Plaintiff's requests *sought a change* to the Plan itself.

Plaintiff's discrimination claims do not properly allege that Defendant the City took an adverse action against Plaintiff. Accordingly, Plaintiff's discrimination claims arising under Title VII (Count I), the ADA (Count V), and the PFPO (Counts II and VI) should be dismissed as to the City.

---

[3] The City reserves its right to address the remaining elements of Plaintiff's discrimination claims under Title VII, the ADA, and the PFPO.

9

E.     **Plaintiff's ERISA Claim Should Be Dismissed Since the Employee Benefit Plan as at Issue Is Not Governed By ERISA (Count VII).**

As a governmental agency, the union is exempt from ERISA and IAFF Local 22 Firefighters & Paramedics Health Plan is not governed by ERISA as alleged in Count VII of the Am. Compl. The Department of Labor ruled in Advisory Opinion 86-22A, among other rulings, that a plan funded by a government entity in amounts determined by a collective bargaining agreement is a government plan, and therefore excluded from ERISA. Accordingly, Plaintiff's ERISA Claim should be dismissed.

## IV.    CONCLUSION

Plaintiff's Complaint consists of a hodgepodge of counts and accusations alleged collectively against three separate entities without sufficient factual information to support such group pleading. For all of the reasons set forth above, the Court should grant this Motion and dismiss Plaintiff's Complaint.

DILWORTH PAXSON LLP

Dated: April 9, 2024

/s/ Marjorie McMahon Obod
Marjorie McMahon Obod
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Fax: (215) 575-7200
mobod@dilworthlaw.com

*Attorneys for Defendant City of Philadelphia*