**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JANE DOE, | **:** | |
| Plaintiff, | **:** | Case No. 2:24-cv-00468-WB |
| | **:** | |
| v. | **:** | |
| | **:** | |
| CITY OF PHILADELPHIA, et al. | **:** | |
| | **:** | |
| | **:** | |

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**AND NOW**, Defendant Philadelphia Firefighters' & Paramedics' Union, I.A.F.F., Local 22 ("Local 22" or "Defendant"), by and through their attorneys, Willig, Williams & Davidson, hereby answer the Amended Complaint of Plaintiff Jane Doe denying each and every averment set forth therein except as expressly admitted below:

1.      The allegations in this averment are not statements of fact but rather conclusions of law for which no response is required. To the extent that a response is required, it is admitted only that Plaintiff is a Battalion Chief, is an employee of the Philadelphia Fire Department, and a bargaining unit member of Local 22. Local 22 specifically denies Plaintiff's claims.

2.      Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

3.      This averment is directed and concerns another party for which Local 22 has no obligation to respond. To the extent that a response is required, this paragraph is denied.

4.      This averment is directed and concerns another party for which Local 22 has no obligation to respond. To the extent that a response is required, this paragraph is denied.

5.      Admitted.

6.      The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

7.      The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

8.      The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

9.      The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

10.     Denied. By way of further response, Local 22 denies that it employs more than five hundred (500) persons for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Local 22 does not possess the requisite knowledge to respond with regard to the other defendants. To the extent that a response is required, this paragraph is denied.

11.    The averment in this paragraph contains conclusions of law to which no response is required. Furthermore, Local 22 does not possess the requisite knowledge to respond. The attached exhibit, Exhibit A, does not indicate against whom a charge was filed, when such a charge was filed, or the nature of the charge. To the extent that a response is required, this paragraph is denied.

12.    Admitted.

13.    Admitted.

14.    Admitted in part and denied in part. It is admitted that Plaintiff has worked for the Philadelphia Fire Department for more than two decades. The remaining averments are denied as Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

15.    Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

16.    Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

17.    Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

18.    Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

19.    Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

20.     Denied. Local 22 does not possess the requisite knowledge to respond.
        By way of further response, the documents identified by Plaintiff speak for
        themselves. To the extent that a response is required, this paragraph is
        denied.

21.     Denied. Local 22 does not possess the requisite knowledge to respond.
        By way of further response, the documents identified by Plaintiff speak for
        themselves. To the extent that a response is required, this paragraph is
        denied.

22.     Denied. Local 22 does not possess the requisite knowledge to respond.
        To the extent that a response is required, this paragraph is denied.

23.     Denied. Local 22 does not possess the requisite knowledge to respond.
        To the extent that a response is required, this paragraph is denied.

24.     Denied. Local 22 does not possess the requisite knowledge to respond.
        To the extent that a response is required, this paragraph is denied.

25.     Denied. Local 22 does not possess the requisite knowledge to respond.
        To the extent that a response is required, this paragraph is denied.

26.     Denied. This averment is directed to another party and, therefore, Local
        22 has no obligation to respond. By way of further response, Local 22 also
        does not possess the requisite knowledge to respond. To the extent that a
        response is required, this paragraph is denied.

27.     Denied. Local 22 does not possess the requisite knowledge to respond.
        To the extent that a response is required, this paragraph is denied.

28.     Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

29.     Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

30.     Denied. This averment is directed to another party and, therefore, Local 22 has no obligation to respond. By way of further response, Local 22 also does not possess the requisite knowledge to respond. Furthermore, Exhibit "B" identified by Plaintiff is not attached to the Amended Complaint, and so Local 22 is unable to adequately respond. To the extent that a response is required, this paragraph is denied.

31.     Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

32.     Denied. Local 22 is a distinct legal entity from the Local 22 Health Fund ("the Trust"). The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant Independence Blue Cross ("IBC") responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

33.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

34.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

35.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to

the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

36.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

37.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no

legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

38.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

39.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating,

8

approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

40.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

41.     Denied. Local 22 does not possess the requisite knowledge to respond as it did not make the decision to deny medical care to Plaintiff. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to

delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

42.     Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

43.     Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

44.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this

averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

45.     Denied. Local 22 does not possess the requisite knowledge to respond. By way of further response, Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. Finally, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

46.     Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

47.     Denied. Local 22 does not possess the requisite knowledge to respond. By way of further response, Local 22 is a distinct legal entity from the

Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. Finally, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

48.  Denied. Local 22 does not possess the requisite knowledge to respond. By way of further response, Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in

the denial of medical coverage to Plaintiff, this paragraph is denied. To the extent that a response is required, this paragraph is denied..

49.　Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

50.　Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

51.　Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

52.　Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating,

13

approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

53. Denied. The cited document speaks for itself and no further response is required. By way of further response, Plaintiff did not attach the document cited, and, therefore, Local 22 is unable to respond. To the extent that a response is required, this paragraph is denied.

54. Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no

14

response is required. To the extent that a response is required, this paragraph is denied

55.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

56.     Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

57.     Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

58.     Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no

response is required. To the extent that a response is required, this paragraph is denied.

59. Denied. The averments of this paragraphs are not directed to Local 22 and, accordingly, they are denied. To the extent that this averment claims that Local 22 was responsible for the correspondence directed to Plaintiff, it is denied. By way of further response, Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

60. Denied. The averments of this paragraphs are not directed to Local 22 and, accordingly, they are denied. To the extent that this averment claims that Local 22 was responsible for the policy mentioned in this averment, it is denied. By way of further response, Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC

responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

61.     Denied. The averments of this paragraphs are not directed to Local 22 and, accordingly, they are denied. To the extent that this averment claims that Local 22 was responsible for the policy mentioned in this averment, it is denied. By way of further response, Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

62.     Denied. The averments of this paragraphs are not directed to Local 22 and, accordingly, they are denied. To the extent that this averment is directed at Local 22, it is denied. By way of further response, Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to

delegate such authority to a third party. Prior to the events at issue in this
dispute, the Board of Trustees of the Trust contractually delegated to
Defendant IBC responsibility for evaluating, approving, or denying claims
for medical coverage. As Local 22 has no legal authority to nor
involvement in adjudicating claims for health care coverage for the Trust's
Participants and Dependents, nor did it have any legal authority to or
involvement in the denial of medical coverage to Plaintiff, this paragraph is
denied. By way of further response, this averment contains conclusions of
law to which no response is required. To the extent that a response is
required, this paragraph is denied.

63.    Denied. The averments of this paragraphs are not directed to Local 22
and, accordingly, they are denied. To the extent that this averment claims
that Local 22 was responsible for the policy mentioned in this averment, it
is denied. By way of further response, Local 22 is a distinct legal entity
from the Trust. The Board of Trustees of the Trust, and not Local 22, is
authorized to evaluate claims for health coverage, and to delegate such
authority to a third party. Prior to the events at issue in this dispute, the
Board of Trustees of the Trust contractually delegated to Defendant IBC
responsibility for evaluating, approving, or denying claims for medical
coverage. As Local 22 has no legal authority to nor involvement in
adjudicating claims for health care coverage for the Trust's Participants
and Dependents, nor did it have any legal authority to or involvement in
the denial of medical coverage to Plaintiff, this paragraph is denied. By

way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

## **COUNT I**

64.    Local 22 incorporates by reference its answers to paragraphs 1 through 63 as though fully incorporated herein.

65.    Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

66.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

67.    Admitted.

68.     Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

69.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

70.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any

legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

71.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

72.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care

21

coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

73.  Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

74.  Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any

legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied.

75.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

76.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any

legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

77.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

78.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no

24

legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

79.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

80.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to

the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

## **COUNT II**

81.   Local 22 incorporates by reference its answers to paragraphs 1 through 80 as though fully incorporated herein.

82.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

83.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

84.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

85.     Denied. The averment in this paragraph contains conclusions of law to
        which no response is required. To the extent that a response is required,
        this paragraph is denied.

86.     Denied. The averment in this paragraph contains conclusions of law to
        which no response is required. To the extent that a response is required,
        this paragraph is denied.

87.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of
        Trustees of the Trust, and not Local 22, is authorized to evaluate claims
        for health coverage, and to delegate such authority to a third party. Prior to
        the events at issue in this dispute, the Board of Trustees of the Trust
        contractually delegated to Defendant IBC responsibility for evaluating,
        approving, or denying claims for medical coverage. As Local 22 has no
        legal authority to nor involvement in adjudicating claims for health care
        coverage for the Trust's Participants and Dependents, nor did it have any
        legal authority to or involvement in the denial of medical coverage to
        Plaintiff, this paragraph is denied. By way of further response, the
        averment in this paragraph contains conclusions of law to which no
        response is required. To the extent that a response is required, this
        paragraph is denied.

88.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of
        Trustees of the Trust, and not Local 22, is authorized to evaluate claims
        for health coverage, and to delegate such authority to a third party. Prior to
        the events at issue in this dispute, the Board of Trustees of the Trust

contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

89.     Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

**COUNT III**

90.     Local 22 incorporates by reference its answers to paragraphs 1 through 89 as though fully incorporated herein.

91.     Denied. This averment is not directed to Local 22, and therefore no response is required. By way of further response, this averment contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

92.     Denied. Local 22 does not receive any federal funds.

93.     Denied. Local 22 does not possess the requisite knowledge to respond.

94.     Denied. The quoted law speaks for itself and does not require further response. To the extent that a response is required, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

95.     Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

96.     Denied. The quoted regulation speaks for itself and does not require further response. To the extent that a response is required, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

97.    Denied. The quoted regulation speaks for itself and does not require further response. To the extent that a response is required, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

98.    Denied. The averments of this paragraphs are not directed to Local 22 and, therefore, Local 22 has no obligation to respond. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

99.    Denied. The quoted law speaks for itself and does not require further response. To the extent that a response is required, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

100.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

101.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating,

approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

102. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

103. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

104. Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to

Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

105.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

106.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no

legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

## COUNT IV

107. Local 22 incorporates by reference its answers paragraphs 1 through 106 as though fully incorporated herein.

108. Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required.

109. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

110. Denied. The quoted law speaks for itself and does not require further response. To the extent that a response is required, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

111. Denied. The quoted regulation speaks for itself and does not require further response. To the extent that a response is required, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

112. Denied. The averments of this paragraphs are not directed to Local 22 and, therefore, Local 22 has no obligation to respond. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

113. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

114. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

115. Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care

coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

116.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

117.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no

legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

118.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

119.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating,

approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

120.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

121.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust

contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

122. Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

## COUNT V

123. Local 22 incorporates by reference its answers to paragraphs 1 through 122 as though fully incorporated herein.

124. Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

125. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

126. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

127. Denied as stated. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for

39

evaluating, approving, or denying claims for medical coverage. As Local

22 has no legal authority to nor involvement in adjudicating claims for

health care coverage for the Trust's Participants and Dependents, nor did

it have any legal authority to or involvement in the denial of medical

coverage to Plaintiff, this paragraph is denied. By way of further response,

this paragraph contains conclusions of law to which no response is

required. To the extent that a response is required, this paragraph is

denied.

128. Denied. This paragraph contains conclusions of law to which no response

is required. To the extent that a response is required, this paragraph is

denied.

129. Denied. The averments of this paragraphs are not directed to Local 22

and, therefore, Local 22 has no obligation to respond. To the extent a

response is required, it is denied. By way of further response, Local 22 is

a distinct legal entity from the Trust. The Board of Trustees of the Trust,

and not Local 22, is authorized to evaluate claims for health coverage, and

to delegate such authority to a third party. Prior to the events at issue in

this dispute, the Board of Trustees of the Trust contractually delegated to

Defendant IBC responsibility for evaluating, approving, or denying claims

for medical coverage. As Local 22 has no legal authority to nor

involvement in adjudicating claims for health care coverage for the Trust's

Participants and Dependents, nor did it have any legal authority to or

involvement in the denial of medical coverage to Plaintiff, this paragraph is

denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

130. Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

131. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

132. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

133. Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

134.   Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

135.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. Furthermore, Plaintiff failed to attached Exhibit "B" as described in this paragraph, and therefore Local 22 is unable to offer a substantive response. To the extent that a response is required, this paragraph is denied.

136.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no

legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

137.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

138.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

139.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of

Trustees of the Trust, and not Local 22, is authorized to evaluate claims

for health coverage, and to delegate such authority to a third party. Prior to

the events at issue in this dispute, the Board of Trustees of the Trust

contractually delegated to Defendant IBC responsibility for evaluating,

approving, or denying claims for medical coverage. As Local 22 has no

legal authority to nor involvement in adjudicating claims for health care

coverage for the Trust's Participants and Dependents, nor did it have any

legal authority to or involvement in the denial of medical coverage to

Plaintiff, this paragraph is denied. By way of further response, this

paragraph contains conclusions of law to which no response is required.

To the extent that a response is required, this paragraph is denied.

140.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of

Trustees of the Trust, and not Local 22, is authorized to evaluate claims

for health coverage, and to delegate such authority to a third party. Prior to

the events at issue in this dispute, the Board of Trustees of the Trust

contractually delegated to Defendant IBC responsibility for evaluating,

approving, or denying claims for medical coverage. As Local 22 has no

legal authority to nor involvement in adjudicating claims for health care

coverage for the Trust's Participants and Dependents, nor did it have any

legal authority to or involvement in the denial of medical coverage to

Plaintiff, this paragraph is denied. By way of further response, this

paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

141.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

142.    Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

143.    Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

144.    Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

145. Denied. The quoted law speaks for itself and does not require further response. To the extent that a response is required, the averment in this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

146. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

147. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

148. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

149. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

150. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

151. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

152.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

153.   Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

154.   Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

155.   Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

156.   Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

157.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to

Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

158. This averment constitutes a prayer for relief for which no response is required. To the extent a response is required, it is denied.

159. Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

160. Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no

legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

## COUNT VI

161.    Local 22 incorporates by reference its answers to paragraphs 1 through 160 as though fully incorporated herein.

162.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

163.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

164.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

165.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

166.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating,

approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

167.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

168.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust

contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

169.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

## <u>COUNT VII</u>

170.   Local 22 incorporates by reference its admissions and denials to paragraphs 1 through 169 as though fully incorporated herein.

171.    Denied. Defendant denies that Firefighters & Paramedics Local 22 Health

Plan is governed by the Employee Retirement Income Security Act of

1974, as amended ("ERISA").  The Plan is a "governmental plan" as that

term is defined in ERISA Section 3(32), exempt from the portions of

ERISA cited by Plaintiff, pursuant to ERISA Section 4(b)(1).

172.    Denied. Local 22 does not possess the requisite knowledge to respond.

To the extent that a response is required, this paragraph is denied.

Further, to the extent that the Plaintiff is referring in this paragraph to the

Health Plan and not to Independence Blue Cross, the Plan is not a

Defendant in this matter.

173.    Denied. Local 22 does not possess the requisite knowledge to respond.

Further, to the extent that the Plaintiff is referring in this paragraph to the

Health Plan and not to Independence Blue Cross, the Plan is not a

Defendant in this matter.

174.    Denied. Local 22 does not possess the requisite knowledge to respond.

To the extent that a response is required, this paragraph is denied.

Further, to the extent that the Plaintiff is referring in this paragraph to the

Health Plan and not to Independence Blue Cross, the Plan is not a

Defendant in this matter.

175.    Denied. Local 22 does not possess the requisite knowledge to respond.

To the extent that a response is required, this paragraph is denied.

Further, to the extent that the Plaintiff is referring in this paragraph to the

Health Plan and not to Independence Blue Cross, the Plan is not a Defendant in this matter.

176. Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied. Further, to the extent that the Plaintiff is referring in this paragraph to the Health Plan and not to Independence Blue Cross, the Plan is not a Defendant in this matter.

177. Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied. Further, to the extent that the Plaintiff is referring in this paragraph to the Health Plan and not to Independence Blue Cross, the Plan is not a Defendant in this matter.

178. Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied. Further, to the extent that the Plaintiff is referring in this paragraph to the Health Plan and not to Independence Blue Cross, the Plan is not a Defendant in this matter.

179. Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied. Further, to the extent that the Plaintiff is referring in this paragraph to the Health Plan and not to Independence Blue Cross, the Plan is not a Defendant in this matter.

180.    This averment constitutes a prayer for relief for which no response is required. To the extent a response is required, it is denied.

## COUNT VIII

181.    Local 22 incorporates by reference its answers to paragraphs 1 through 180 as though fully incorporated herein.

182.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

183.    Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

184.    Denied. Without knowledge of Plaintiff's identity, Local 22 is unable to respond. To the extent that a response is required, this paragraph is denied.

185.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

186.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

187.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

188.   Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

189.   Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

190.    Denied. The averments of this paragraphs are not directed to Local 22 and, accordingly, they are denied.

191.    Denied. This averment does concern Local 22 or any other defendant, and therefore no response is required. By way of further response, Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. Furthermore, Plaintiff has failed to attach Exhibit "D" to her Amended Complaint, and therefore Local 22 is unable to respond. To the extent that a response is required, this paragraph is denied.

192.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating,

approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

193.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

194.    Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust

contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

195.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

196.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to

the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

197. Denied. The averments of this paragraphs are not directed to Local 22 and, accordingly, they are denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

198. Denied. The averments of this paragraphs are not directed to Local 22 and, accordingly, they are denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

199. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

200. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

201.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

202.   Denied. The quoted law speaks for itself and does not require further response. To the extent that a response is required, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

203.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

204.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

205.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

206.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

207.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

208. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

209. Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

210. Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied. By way of further response, the averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

211. Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

212. Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

213. Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied.

214. Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no

legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

215. Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

216. This averment constitutes a prayer for relief for which no response is required. To the extent a response is required, it is denied.

217. Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to

the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

## COUNT IX

218.   Local 22 incorporates by reference its answers to paragraphs 1 through 217 as though fully incorporated herein.

219.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this

paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

220.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

221.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

222.   Denied. The averment in this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

223.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to

the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

224.    Denied. The averments of this paragraphs are not directed to Local 22 and, accordingly, they are denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

225.    Denied. Local 22 does not possess the requisite knowledge to respond. To the extent that a response is required, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

226.    Denied. The averments of this paragraphs are not directed to Local 22 and, accordingly, they are denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied

227.   Denied. The averments of this paragraphs are not directed to Local 22 and, accordingly, they are denied.

228.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

229.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to

Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

230.   Denied. Local 22 is a distinct legal entity from the Trust. The Board of Trustees of the Trust, and not Local 22, is authorized to evaluate claims for health coverage, and to delegate such authority to a third party. Prior to the events at issue in this dispute, the Board of Trustees of the Trust contractually delegated to Defendant IBC responsibility for evaluating, approving, or denying claims for medical coverage. As Local 22 has no legal authority to nor involvement in adjudicating claims for health care coverage for the Trust's Participants and Dependents, nor did it have any legal authority to or involvement in the denial of medical coverage to Plaintiff, this paragraph is denied. By way of further response, this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, this paragraph is denied.

### **RELIEF REQUESTED**

231.   This averment constitutes a prayer for relief for which no response is required. To the extent a response is required, it is denied. Plaintiff is not entitled to any relief from Local 22.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff's allegations fail to state a claim upon which relief can be granted.

2.      Plaintiff's claim for damages is barred to the extent Plaintiff did not
mitigate, or failed to take reasonable steps to mitigate, her alleged
damages.

3.      Plaintiff's allegations and claims are barred to the extent the events
underlying them occurred outside the applicable statute of limitations.

4.      Plaintiff is not entitled to punitive or liquidated damages or injunctive relief.

5.      Plaintiff's claims and allegations are barred to the extent Plaintiff failed to
exhaust her administrative remedies.

6.      Plaintiff's claims are improper as Local 22 is not the entity who has any
authority over denying or granting of medical benefits.

7.      Local 22 did not intentionally subject Plaintiff to harassment, a hostile work
environment or assault, on the basis of either sex or disability, and
therefore it did not violate Title VII, the Philadelphia Fair Practices
Ordinance ("PFPO"), or the Americans with Disabilities Act ("ADA").

8.      Local 22 did not initiate, instigate, engage in or acquiesce to harassment,
hostility or retaliation, and therefore it did not violate Title VII, the PFPO, or
the ADA.

9.      Local 22 did not harass or retaliate against Plaintiff on any basis
whatsoever and did not create a hostile work environment. Therefore,
Local 22 did not violate Title VII, the PFPO, or the ADA.

10.      Local 22 did not cause any other person or entity to harass or retaliate against Plaintiff or permit any person or entity to create a hostile work environment, and therefore Local 22 did not violate Title VII, the PFPO, or the ADA.

11.      Local 22's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.

**RESERVATION OF RIGHTS:** Defendant reserves the right to plead any additional, separate defenses, the availability of which may come to light as this matter progresses.

**WHEREFORE**, Defendant Local 22 requests that this Court dismiss Plaintiff's Amended Complaint with prejudice and judgment be entered in its favor and against Plaintiff. Defendant Local 22 requests the award of costs and attorney's fees incurred in defending this action.

Respectfully Submitted,

**WILLIG, WILLIAMS & DAVIDSON**

BY:    s/ John R. Bielski

JOHN R. BIELSKI, ESQUIRE
JOSEPH B. SALAMON, ESQUIRE
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3652

Dated: April 23, 2024          *Counsel for IAFF Local 22*

## <u>CERTIFICATE OF SERVICE</u>

I, John R. Bielski, Esquire, hereby certify that on this date, a copy of the foregoing document was electronically filed through the Court's ECF System and a notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>s/ John R. Bielski</u>

JOHN R. BIELSKI, ESQUIRE
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3652

Dated: April 23, 2024                    *Counsel for IAFF Local 22*