IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE,**  Plaintiff, | CIVIL ACTION |
| v. | |
| **CITY OF PHILADELPHIA, INDEPENDENCE BLUE CROSS, PHILADELPHIA FIREFIGHTERS' & PARAMDEICS UNION, I.A.F.F., LOCAL 22**  Defendants. | NO.  24-0468 |

## MEMORANDUM OPINION

Defendant the City of Philadelphia (the "City") moves to dismiss Plaintiff Jane Doe's Amended Complaint, arguing that, among other things, she has not specifically identified what it did that broke the law.  Fed. R. Civ. P. 12(b)(6).  For the reasons stated below, the City's Motion will be granted, and Doe's Amended Complaint will be dismissed without prejudice.

### I.    BACKGROUND

According to her Complaint, well-pleaded allegations from which are taken as true, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009), Doe is a longtime firefighter who has been employed by the City for almost three decades.  She is a member of her union, Defendant Philadelphia Firefighters' & Paramedics' Union, I.A.F.F., Local 22 ("Local 22").  She receives health insurance through a self-funded employer-sponsored health plan, underwritten and administered by Defendant Independence Blue Cross.

Doe is a transgender woman.  She has been diagnosed with gender dysphoria, a medical condition recognized in the Diagnostic and Statistical Manual of Mental Disorders 5 (DSM-5).  The World Professional Association for Transgender Health ("WPATH"), which publishes "widely accepted standards of care for the treatment of gender dysphoria," notes that "medically

necessary treatment for gender dysphoria may require facial feminization surgery" ("FFS"). "[I]n an attempt to alleviate [her] gender dysphoria," Doe sought preauthorization for insurance coverage from Defendants for FFS. Doe's health insurance policy covered treatment for "functional impairments" but excluded cosmetic surgeries from coverage. Defendants allegedly applied this exclusion in a discriminatory fashion, concluding that, in seeking to undergo FFS, Doe merely "was attempting to 'improve her appearance.'" Doe's multiple appeals of this decision were unsuccessful. The denial of her request has caused Doe profound distress, to the point that she has considered suicide. Doe has "found it difficult to function at work and in public and is constantly misgendered because, without FFS, she is read as not passing or not conforming to the sex assigned to her at birth."

Doe has sued Defendants, alleging that their conduct constituted sex- and disability-based discrimination in violation of: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (2) the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code § 9-1101 *et seq.*; (3) Section 1557 of the Affordable Care Act ("ACA"), 42 U.S.C. § 18116; (4) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and, (5) the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). She seeks damages and an injunction that, among other things, would: (1) "require the Defendants to insure Plaintiff and other people who are transgender with gender dysphoria for [FFS], procedures, medical treatments, including hair transplant procedures, on an equal and non-discriminatory basis; to adopt and enforce a written policy, procedure, or guideline to this effect; and to perform necessary training and education related thereto;" (2) order Defendants to hold LGBT sensitivity training; and, (3) "require the . . . City of Philadelphia[] to adopt a written policy stating that, if an employee complains about discrimination in employee benefits based on a protected class,

including but not limited to sex, gender, sexual orientation, and/or gender identity, that such conduct constitutes discrimination, and providing an acceptable avenue of report for the complaint identified directly in the policy."

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When analyzing a motion to dismiss, the complaint must be construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Where, as here, one amended pleading already has been filed, further amendment may be allowed "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). That means that "leave to amend generally must be granted unless the amendment would not cure the deficiency." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *accord Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

## III.   DISCUSSION

The City of Philadelphia argues that Doe's Amended Complaint is deficient on multiple grounds, among them that: (1) by only filing a complaint with the EEOC, she has failed to properly exhaust her administrative remedies as required to proceed under the PFPO; and, (2) by

"us[ing] the collective term 'Defendants' throughout her Amended Complaint . . . without differentiating among them in any way," she has failed to comply with the Federal Rules of Civil Procedure.[1]

### A. Exhaustion of Administrative Remedies Under the PFPO

Doe alleges in her Amended Complaint that she exhausted "all applicable administrative remedies," but the only exhibit attached thereto is a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). The City argues that this filing does not suffice to exhaust her claims under the PFPO. As explained below, this is not the case, so the Court will not dismiss the Amended Complaint's allegations of violations of the PFPO on this ground.

The PFPO provides for a private right of action under the following conditions:

> If a complainant invokes the procedures set forth in this Chapter, that person's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant may bring an action in the Court of Common Pleas of Philadelphia County based on the right to freedom from discrimination granted by this Chapter.

Phila. Code § 9-1122(1). The PFPO also lays out a procedure for filing a complaint with the Philadelphia Commission on Human Relations ("Philadelphia Commission"):

> Any person claiming to be aggrieved by an unlawful employment, public accommodation or housing and real property practice may make, sign and file with the Commission a verified complaint in writing which shall state the name and address of the person or persons alleged to have committed the unlawful practice and the particulars thereof. The complaint shall also contain such other information as may be required by the Commission.

---

[1] Because the Court will grant the City's Motion to Dismiss on this second ground, its additional arguments that Doe did not suffer an adverse employment action and that her insurance plan is not governed by ERISA are not reached here.

*Id.* § 9-1112(1).

Although "[t]he plain text of the PFPO does not include an administrative exhaustion requirement . . . every court to address the question of whether exhaustion is required has concluded that PFPO claims must be administratively exhausted before a party may pursue such claims in court." *Higgins v. MetLife, Inc.*, 2023 WL 5309893, at *3 (E.D. Pa. Aug. 17, 2023) (citations omitted). Courts in this district are divided on whether filing an administrative complaint with the EEOC or the Pennsylvania Human Relations Commission ("PHRC") exhausts a complainant's related PFPO claim. *Compare Vandegrift v. City of Philadelphia*, 228 F. Supp.3d 464, 482 (E.D. Pa. 2017), *and Ives v. NHS Hum. Servs., Inc.*, 2016 WL 4039644, at *4-5 (E.D. Pa. July 28, 2016), *with Mouzone v. Univ. of Pa. Health Sys.*, 2023 WL 7167565, at *2, *7 (E.D. Pa. Oct. 31, 2023), *and Smith v. RB Distrib., Inc.*, 498 F. Supp.3d 645, 665 (E.D. Pa. 2020). The Court recently analyzed these competing strands of cases and their respective analyses of the statutory text in *Higgins* and concluded "that filing a complaint with the PHRC and/or EEOC is sufficient to satisfy administrative exhaustion under the PFPO, at least where subsequent PFPO claims are fairly within the scope of the prior administrative complaints." 2023 WL 5309893, at *8 (citing *Ives*, 2015 WL 4039644, at *4).

In that the City does not dispute that Doe's PFPO claims fall within the scope of her EEOC complaint, the rule from *Higgins* forecloses the City's argument that her failure to "assert[] any acts that indicate that she invoked the procedures of the Philadelphia Commission" requires that her claims arising under the PFPO be dismissed. She filed a complaint with the EEOC and received a right to sue letter. That was sufficient to exhaust her PFPO claims even though she did not cross-file with the PHRC or the Philadelphia Commission. *Id.* The City's Motion will be denied on this ground.

5

### B. Compliance with Federal Rule of Civil Procedure 8

The entirety of Doe's Amended Complaint, however, fails to identify which of the three Defendants committed which alleged wrongful acts with sufficient specificity to survive dismissal.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy that rule, a complaint must "'identif[y] discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (per curiam)); *see also Corbin v. Bucks County*, 2023 WL 8042560, at *2 (E.D. Pa. Nov. 21, 2023) (noting that a plaintiff must "plead[] sufficient facts to show that the plaintiff is entitled to relief from a particular defendant"). Otherwise, the court cannot "conclude that a defendant 'is liable for the misconduct alleged.'" *Corbin*, 2023 WL 8042560, at *2 (quoting *Iqbal*, 556 U.S. at 678). Thus, while "allegations levied against multiple defendants satisfy Rule 8 when 'there is no genuine uncertainty regarding who is responsible for what,' such as when multiple defendants 'are accused of acting jointly,'" *id.* at *2 (quoting *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013)); *cf. McCary v. Cunningham*, 2022 WL 2802385, at *4 (D. Del. July 18, 2022), a complaint cannot "forc[e] both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards," *Japhet v. Francis E. Parker Mem. Home, Inc.*, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014).

Here, Doe levies most of her allegations against Defendants as a whole, without identifying the conduct for which the City specifically is responsible. The only non-conclusory allegations against the City are that: (1) it employed Doe; (2) as her employer, the City was "responsible for the provision of benefits to [her] including employer-sponsored healthcare

benefits;" (3) the City funded that plan; and, (4) "[i]t is believed and therefore averred that" the City, along with the other Defendants "exercised extensive control over benefits," including health insurance.[2]  The key allegations relating to Defendants' liability—that they denied Doe health insurance coverage for treatments necessary to treat her gender dysphoria and misapplied her policy's cosmetic surgery exclusion in doing so—do not distinguish between the conduct of the City, Independence Blue Cross, and Local 22.  The Amended Complaint therefore does not plead facts sufficient to show that Doe is plausibly entitled to relief from the City.

Nor are any of the circumstances in which Rule 8 permits a plaintiff to refer to Defendants as a trio implicated here.  The Amended Complaint does not describe joint action by all three Defendants.  *Corbin*, 2023 WL 8042560, at *2 (citation omitted).  Moreover, any conduct as to which "there is no genuine uncertainty regarding who is responsible" appears to be the work of Independence Blue Cross alone.  *See id.*  For example, Doe alleges that she submitted her preauthorization request to "the Defendants" as a whole.  The subsequent denial of her request is attributed to Defendants as well.  But according to the Amended Complaint, only Independence Blue Cross "issued," "underwrites," "had in place," and "administers" Doe's health insurance policy.  Similarly, Doe accuses Defendants of failing to correctly apply the "'functional impairment' component of the Policy . . . in [her] case."  Again, by the Amended Complaint's own terms, that would have been Independence Blue Cross's decision.

In sum, because the Amended Complaint does not sufficiently differentiate between the Defendants in this case, the Court will grant the City's Motion to Dismiss.  The Court will grant

---

[2] The Court understands Doe to be alleging that this is the case on information and belief.  Such pleading is permissible "when the facts at issue are peculiarly within the defendant's possession." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 n.31 (3d Cir. 2015) (citations omitted).  Assuming without deciding that this information is peculiarly within Defendants' possession, the Amended Complaint still does not contain sufficient allegations against the City to deny its Motion to Dismiss.

leave to amend so that Doe can identify which of the Defendants are responsible for which parts of the alleged misconduct in this case.  Fed. R. Civ. P. 15(a)(2).

### IV.   CONCLUSION

For the foregoing reasons, the City of Philadelphia's Motion to Dismiss will be granted, and Doe's Amended Complaint will be dismissed without prejudice.

An appropriate order follows.

**BY THE COURT:**

**/S/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**